**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK, LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF OREGON AND SOUTHWEST WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND, and TRUSTEES OF THE SIGNATORY PAINTING CONTRACTORS ORGANIZATION INDUSTRY PROMOTION FUND,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAD PETERSON, dba Commercial Wallcovering,<br><br>    Defendant. | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

/// ///

/// ///

Page 1 – **COMPLAINT**

Plaintiffs allege:

# I

# THE PARTIES

1. Plaintiffs are the Trustees of the Oregon and Southwest Washington Painters Pension Trust Fund (Pension Fund), the Oregon and Southwest Washington Painters Apprenticeship and Training Trust Fund (Training Fund), the Oregon and Southwest Washington Painters Labor Management Cooperation Trust Fund (Cooperation Fund) and the Signatory Painting Contractors Organization Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds").

2. The Training Fund is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. §1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. §1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Training Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA. The Trustees of the Training Fund and Pension Fund have discretionary authority to control and manage the Trust Funds and are "fiduciaries" of the Trust Funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3. The Cooperation Fund is a Trust Fund governed by a Board of Trustees. The Cooperation Fund receives contributions from employers bound by collective bargaining agreements with the Union and uses the contributions for purposes consistent with the Labor-Management Cooperation Act of 1978.

///   ///

///   ///

Page 2 – **COMPLAINT**

4. The Promotion Fund is a Trust Fund governed by a board of trustees. The Promotion Fund receives contributions from employers bound by collective bargaining agreements with Painters District Council No. 5 (Union) and uses the contributions to promote the painting industry in Oregon and Southwest Washington.

5. Defendant is an individual doing business in Oregon as Commercial Wallcovering. At all times material to this proceeding (November 1, 2017, to date), defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. §1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

## II

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Pension Fund and Training Fund for violation of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

7. At all times material to this proceeding (November 1, 2017, to date), a written collective bargaining agreement existed between the Union and defendant. The collective bargaining agreement covered employees in an industry affecting commerce, and all activities of defendant affected commerce. The Court has jurisdiction over the Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

///    ///

///    ///

///    ///

Page 3 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

### III

### JOINDER

8. The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claim each plaintiff has against defendant.

### IV

### CLAIM FOR RELIEF

9. At all times material to this proceeding (November 1, 2017, to date), defendant was bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, defendant agreed to pay fringe benefit contributions on behalf of his employees performing work covered by the collective bargaining agreement to the Trustees of the Trust Funds. Defendant also agreed to pay his fringe benefit contributions to the Trustees of the Trust Funds by the 20th day of the month following the month in which the work was performed by his employees. Defendant further agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.

10. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions.

11. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, interest shall be assessed on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid at the rate of 12% per annum.

/// ///

Page 4 – **COMPLAINT**

12. The Trust Agreements that created the Pension Fund and Training Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid contributions or $30.00 per Trust Fund per month, whichever is greater. The Trust Agreement that created the Cooperation Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid contributions. The Trust Agreement that created the Promotion Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to five (5) percent of the delinquent or late paid contributions.

13. Defendant has failed to file his November 2017 through January 2019 remittance report forms, and the time therefore has expired. Defendant should be required to file said remittance report forms, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds.

14. The Trust Agreements that created the Trust Funds provide that the Trustees of the Trust Funds are entitled to recover reasonable attorneys' fees from an employer such as defendant when litigation is necessary to require an employer to comply with the employer's obligations under the Trust Agreements. Defendant should be required to pay the Trustees of the Trust Funds' reasonable attorneys' fee incurred in connection with this litigation.

Page 5 – **COMPLAINT**

15.     The Trustees of the Pension Fund and Training Fund are also entitled to recover their reasonable attorneys' fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.      Requiring defendant to file his November 2017 through January 2019 remittance report forms, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trustees of the Trust Funds;

2.      Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions have been paid; and further, in the event such future payroll examination reveals that delinquent fringe benefit contributions are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

3.      Requiring defendant to pay plaintiffs' reasonable attorneys' fees;

///     ///

///     ///

///     ///

///     ///

///     ///

Page 6 – **COMPLAINT**

4. Requiring defendant to pay plaintiffs' costs and disbursements; and

5. For such further equitable relief as the Court deems just and proper.

DATED this 6th day of March 2019.

**BROWNSTEIN RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

Page 7 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax